UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM DEVINE, )<br>)<br>    *Plaintiff*  )<br>)<br>v.  )<br>)<br>SULLIVAN RIZZO, et al.,  )<br>)<br>    *Defendants*  )<br>) | *Docket No. 05-220-P-S* |

*RECOMMENDED DECISION ON DEFENDANTS'*
*MOTION TO DISMISS AND PLAINTIFF'S*
*MOTION TO AMEND COMPLAINT*

In the instant action stemming from the alleged use of excessive force in effecting the arrest of plaintiff William Devine, *see* Amended Complaint and Demand for Jury Trial ("Amended Complaint") (Docket No. 4) at 1, defendants Sullivan Rizzo, Andrew Hutchings, Aaron Pepin, Timothy Burton and the City of Portland seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of all five counts of the Amended Complaint, *see generally* Defendants' Motion To Dismiss All Counts of the Complaint for Failure To State a Claim Upon Which Relief Can Be Granted ("Motion To Dismiss") (Docket No. 9). The plaintiff concedes that three counts (Counts II, III and V) should be dismissed and seeks leave to amend his complaint with respect to the remaining two (Counts I and IV). *See generally* Plaintiff's Response to Defendants' Motion To Dismiss and Motion To Amend Complaint ("Motion To Amend") (Docket Nos. 12-13). For the reasons that follow, I recommend that both the Motion To Dismiss and the Motion To Amend be granted in part and denied in part.

## I.  Applicable Legal Standards

### A.  Motion To Dismiss for Failure To State Claim

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).  A defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001); *see also Wall v. Dion*, 257 F. Supp.2d 316, 318 (D. Me. 2003).

### B.  Motion To Amend Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), a party must seek leave of the court to amend a pleading if either the deadline to amend has expired or (as is the case here) the party already has amended its pleading once within the time allotted by the rule.  Such leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the instant case, the defendants object to the proposed amendment of Counts I and IV on the ground of futility.  *See* Defendants' Reply to Plaintiff's Response to the Defendants' Motion To Dismiss and Response to the Plaintiff's Motion To Amend the Amended Complaint ("Defendants' Reply") (Docket Nos. 14-15) at 2-5.  "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."  *Glassman v. Computervision*

*Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (noting that futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

## II. Factual Context

For purposes of both pending motions, I accept these allegations of the Amended Complaint as true:

Devine resides in Portland, Maine. Amended Complaint ¶ 1. Defendants Rizzo, Hutchings and Pepin were, at all times material to this action, duly appointed, employed and acting Portland police officers. *Id*. ¶¶ 2-4.

On December 13, 2004 Rizzo, Hutchings and Pepin, among others, responded to a call regarding a possible domestic disturbance. *Id*. ¶ 12. When Rizzo knocked on the door of Devine's apartment, Devine answered the door and said, "I was just going to call you." *Id*. ¶ 13. Devine noticed that Rizzo's face was angry. *Id*. ¶ 14. Devine attempted to tell Rizzo that Devine's girlfriend, Theresa Yarnold, was drunk, disorderly and argumentative and refused to leave the premises. *Id*. ¶ 15. Rizzo directed Yarnold to go out into the hallway. *Id*. ¶ 16. Rizzo then asked Devine if he hit Yarnold, and Devine replied that he did not and again tried to explain that he wanted Yarnold removed from the premises because of her disorderly conduct and that this was not the first time he had requested that police remove Yarnold. *Id*. ¶ 17.

Rizzo responded by grabbing Devine's arm, pulling it behind his back forcefully, pushing Devine down on a couch, jamming his knee or foot into Devine's right ribs and telling Devine that he was under arrest. *Id*. ¶ 18. Rizzo then proceeded to apply pressure to Devine's back using his knee and/or his feet. *Id*. ¶ 19. Rizzo held Devine pinned on the couch until other police officers arrived at the apartment. *Id*. ¶ 20. Devine was not resisting arrest. *Id*. ¶ 21.

Hutchings and Pepin responded to Devine's apartment shortly after Rizzo kneed or kicked Devine in the ribs and pinned him to the couch. *Id*. ¶ 22. Devine did not resist arrest. *Id*. ¶ 23. Devine did not assault, or try to assault, Rizzo at any time on December 13, 2004. *Id*. ¶ 24. Devine complied with all orders given by Rizzo. *Id*. ¶ 25. Devine was giving up his hands to be handcuffed. *Id*. ¶ 26. Pepin and Hutchings applied the handcuffs in a very rough manner. *Id*. ¶ 27. Rizzo applied pressure against Devine's back and/or ribs while Pepin and Hutchings were cuffing Devine. *Id*. ¶ 28. Hutchings had reason to believe Yarnold was potentially aggressive to Devine because he had removed Yarnold from Devine's apartment on August 5, 2004 for being intoxicated and argumentative. *Id*. ¶ 29.

Devine told the officers they were hurting him. *Id*. ¶ 30. Rizzo told him to "shut up." *Id*. ¶ 31. Devine was upset by what felt like unnecessary police brutality. *Id*. ¶ 32. Devine was not obstructing the police officers. *Id*. ¶ 33. Devine informed the officers that he was in a lot of pain. *Id*. ¶ 35. Devine was then pulled up to his feet, placed in a cruiser and taken to the Cumberland County Jail. *Id*. ¶ 36. Devine informed the staff at the jail that he was hurt and requested medical treatment. *Id*. ¶ 37. The jail staff photographed Devine's torso. *Id*. ¶ 38. Devine sustained severe bruising to his chest wall and broken ribs. *Id*. ¶ 39. He was not able to obtain bail until December 18, 2004, on which date he sought medical treatment at the emergency room at Maine Medical Center. *Id*. ¶¶ 40-41. Devine's injuries were caused by Rizzo's use of excessive force. *Id*. ¶ 42.

Devine was charged with assault. *Id*. ¶ 43. He pled to an assault and received a $500 fine. *Id*. ¶ 44.

### III. Analysis

In Count I of his Amended Complaint, Devine invokes 42 U.S.C. § 1983, asserting that the defendant officers (Rizzo, Hutchings and Pepin) subjected him to a deprivation of his constitutional

4

rights to (i) bodily integrity, (ii) freedom from the use of unreasonable force and (iii) due process pursuant to the Fourth, Fifth and Fourteenth amendments of the United States Constitution. *See id.* ¶ 48. Count II alleges a claim of supervisory liability pursuant to section 1983 against Portland Chief of Police Timothy Burton; Count III alleges a claim of municipal liability pursuant to section 1983 against the City of Portland; Count IV alleges that Rizzo committed assault; and Count V alleges a violation of 15 M.R.S.A. § 704. *See id.* ¶¶ 50-70.

Devine expressly concedes that Counts II, III and V should be dismissed and seeks to amend Counts I and IV. *See generally* Motion To Amend. In seeking amendment of the latter two counts, he acknowledges – as argued by the defendants – that (i) Count I as pleaded fails to clarify that it is brought against Rizzo, Hutchings and Pepin in their individual capacities and (ii) Count IV as pleaded fails to allege specific intent on Rizzo's part in the commission of the common-law tort of assault. *See id.*; *see also* Motion To Dismiss at 4-5; 12-13. He also seemingly concedes that any causes of action asserted in Count I apart from use of excessive force in contravention of the Fourth Amendment fall by the wayside. *See generally* Motion To Amend.[1] However, he does not go so far as to concede that Counts I and IV as currently pleaded fail to state a claim. *See generally* Motion To Amend.

As it happens, Devine's acknowledged failure to plead specific intent would have entitled the defendants to dismissal of Count IV absent Devine's request to amend his complaint to cure that defect (which I have recommended, *infra*, be granted). *See, e.g., Hale v. Antoniou*, No. CV-02-185, 2004 WL 1925551, at *3 (Me. Sup. Ct. July 29, 2004) ("An actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such

---

[1] Devine failed to tender a proposed amended complaint, engendering needless ambiguity with respect to the precise contours of the amendments he proposes to make. Counsel for the plaintiff is reminded that the better practice is to accompany a motion to amend a complaint with the tender of a proposed amended complaint.

5

imminent apprehension.  Where the actor does not act intentionally, he will not be liable to the other for an apprehension caused by his actions.") (citations and internal quotation marks omitted).

The defendants likewise are correct that the "bodily integrity" and "due process"/"probable cause" components of Count I fail to state a claim pursuant to which relief can be granted.  *See* Motion To Dismiss at 6-8.  From all that appears, the "bodily integrity" allegation is merely a reiteration of the excessive-force claim; Devine does not plead facts tending to show an invasion of his right to privacy.  *Compare, e.g., Poe v. Leonard*, 282 F.3d 123, 135-39 (2d Cir. 2002).  And any assertion of arrest without probable cause and/or without due process of law is barred by the doctrine of collateral estoppel, Devine having pleaded guilty to assault following his December 13, 2004 arrest.  *See* Complaint ¶¶ 43-44; *see also, e.g., Glantz v. United States*, 837 F.2d 23, 25 (1st Cir. 1988) ("It is . . . beyond doubt that issue preclusion applies to a federal civil rights action following a criminal conviction in a state court."); *Fontneau v. United States*, 654 F.2d 8, 9-10 (1st Cir. 1981) (plaintiff was collaterally estopped, as result of entry of guilty plea in criminal tax-evasion case in circumstances in which he was afforded full and fair opportunity to litigate issue of fraud, from relitigating issue in subsequent civil suit).

This leaves the excessive-force allegation of Count I.  The defendants rely on caselaw from the United States Court of Appeals for the Eighth Circuit, including *Johnson v. Outboard Marine Corp.*, 172 F.3d 531 (8th Cir. 1999), for the proposition that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson*, 172 F.3d at 535; *see also* Motion To Dismiss at 4-5.  However, the First Circuit has declined to adopt a "formalistic 'bright-line' test requiring a plaintiff to use specific words in his or her complaint in order to pursue a particular defendant in a particular capacity." *Powell v. Alexander*, 391 F.3d 1, 22

6

(1st Cir. 2004) (noting, nonetheless, that "we do not encourage the filing of complaints which do not clearly specify that a defendant is sued in an individual capacity."). The defendants accordingly fall short of demonstrating entitlement to dismissal of Count I on that basis. In any event, as discussed *infra*, Devine has proposed amending his complaint to clarify that it is brought against the defendant officers in their individual capacities, and I have recommended that this request be granted as concerns Rizzo.[2]

The defendants accordingly are entitled to dismissal of Counts II, III and V in their entirety, as well as those portions of Count I alleging causes of action other than use of excessive force in contravention of the Fourth Amendment.

I turn to the Motion To Amend. Therein, Devine seeks to amend two counts (Counts I and IV) to (i) "state unambiguously that [Rizzo, Hutchings and Pepin] are being sued in their individual capacities[,]" (ii) "separate the Fourth Amendment 'excessive force' complaint from Count I and plead it as a separate count for clarification purposes" and (iii) "plead specific intent on the part of Defendant Rizzo concerning the common law claim of assault." Motion To Amend at [2].[3]

As noted above, Devine has not tendered a proposed amended complaint; however, like the defendants, I construe his motion as signaling that he proposes to press only the "excessive force," and not the "bodily integrity" and "due process"/"probable cause" components, of Count I. *See* Defendants' Reply at 2. In any event, for reasons discussed above, a reassertion of those additional aspects of Count I against the officers in their individual capacities would be futile inasmuch as those aspects fail to state a claim as to which relief can be granted.

---

[2] While Count I as pleaded can be construed as a claim against the City of Portland (via suit against the defendant police officers in their representative capacities, *see, e.g., Burrell v. Hampshire County*, 307 F.3d 1, 7 (1st Cir. 2002)), Devine in effect concedes that he has no case against the city, *see generally* Motion To Amend.

[3] Counsel for the plaintiff is reminded that all memoranda filed in this court shall contain page numbers at the bottom of each page. Loc. R. 7(e).

Beyond this, the defendants oppose the Motion To Amend on grounds that (i) an excessive-force claim against Rizzo, Hutchings and Pepin in their individual capacities would be futile because their alleged conduct falls within the umbrella of reasonable use of force to effectuate an arrest, and (ii) even were Devine permitted to allege that Rizzo acted with specific intent in assaulting him, "there would still be no support whatsoever for a claim that Sgt. Rizzo intended to cause the plaintiff to have an apprehension of an imminent battery (as opposed to the plaintiff's deliberation about the incident in its aftermath.)." Defendants' Reply at 3-5. I agree that the maintenance of suit against Hutchings and Pepin in their individual capacities on a claim of excessive force would be futile. However, that is not the case with respect to the proposed amendment to assert excessive-force and assault claims against Rizzo.

The alleged conduct of Rizzo – infliction of a beating severe enough to bruise Devine's chest wall and break his ribs even though Devine was cooperating and not resisting arrest – clearly states a claim for use of excessive force. *See, e.g., Alexis v. McDonald's Rests. of Mass., Inc.*, 67 F.3d 341, 352 (1st Cir. 1995) ("In the Fourth Amendment setting, a viable excessive force claim must demonstrate that the police defendant's actions were not objectively reasonable, viewed in light of the facts and circumstances confronting him and without regard to his underlying intent or motivation."); *Burbank v. Davis*, 227 F. Supp.2d 176, 187 (D. Me. 2002) ("Gratuitous and completely unnecessary acts of violence by the police during a seizure violate the Fourth Amendment.") (citation and internal quotation marks omitted).

By contrast, Hutchings and Pepin are alleged merely to have handcuffed Devine "in a very rough manner" without inflicting noteworthy injury, Devine having attributed the injuries of which he complains to Rizzo's use of excessive force. Amended Complaint ¶¶ 27, 42. While the First Circuit has stated that "a trialworthy 'excessive force' claim is not precluded merely because only minor

injuries were inflicted by the seizure[,]" *Alexis*, 67 F.3d at 353 n.11, it has signaled agreement with the proposition that at least a *de minimis* injury must be shown to sustain a cause of action for excessive force predicated on handcuffing during arrest, *see Bastien v. Goddard*, 279 F.3d 10, 14-15 n.7 (1st Cir. 2002). Moreover, the First Circuit has held insufficient to survive dismissal pursuant to Rule 12(b)(6) a plaintiff's claim that officers employed excessive force when, in the course of his arrest, they handcuffed him forcefully "by pushing his arms behind his back, causing injury exacerbated by prior non-obvious injuries." *Peña-Borrero v. Estremeda*, 365 F.3d 7, 12 (1st Cir. 2004). The court concluded that, in view of the unknown circumstances facing officers as they entered the plaintiff's house to effectuate his arrest, "the allegations demonstrate no more than the degree of physical coercion typically attendant to an arrest." *Id.* (citation and internal quotation marks omitted). I perceive no meaningful distinction between the allegations at issue in *Peña-Borrero* and those made by Devine with respect to Hutchings and Pepin. Accordingly, I agree with the defendants that an amendment to assert an excessive-force claim against those two officers in their individual capacities would be futile.

I turn finally to Devine's motion to amend his complaint to allege that Rizzo acted intentionally in allegedly assaulting him. *See* Motion To Amend at [2]. The defendants' objection to this amendment on the ground that such an allegation of intentional conduct would lack "support" (thus rendering the amendment futile) is not well-taken. "State of mind, including motive and intent, may be averred generally." *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004) (footnote, citations and internal quotation marks omitted). Devine's proposed amendment of his assault claim accordingly should be allowed.

9

### IV.  Conclusion

For the foregoing reasons, I recommend that the defendants' motion to dismiss be **GRANTED** with respect to those portions of Count I asserting causes of action other than excessive force in contravention of the Fourth Amendment, and Counts II, III and V in their entirety, and otherwise **DENIED**, and that the plaintiff's motion to amend his complaint be **GRANTED** with respect to assertion of excessive-force and civil-assault claims against Rizzo in his individual capacity, and otherwise **DENIED**.  If the court agrees with this recommended decision, I further recommend that the plaintiff be directed to file an amended complaint consistent herewith no later than five (5) business days following the issuance of an order affirming this recommended decision.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.-*

Dated this 14th day of June, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge